**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANE DOE** | * |
| **c/o Jackson and Associates Law Firm** | * |
| **1300 Caraway Court St. 100** | * |
| **Upper Marlboro, MD 20774** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| **DISTRICT OF COLUMBIA** | * |
| **1350 Pennsylvania Avenue NW** | * |
| **Washington, DC 20004** | * |
| | * |
| **SERVE ON** | * |
| | * |
| **Office of the Attorney General** | * |
| **441 4th Street, NW,** | * |
| **Washington, DC 20001** | * |
| | * |
| **And** | * |
| | * |
| **DISTRICT OF COLUMBIA** | * |
| **PUBLIC SCHOOL SYSTEM** | *CASE NO.: 1:21-CV-01762 |
| | *Judge Dabney L. Friedrich |
| | * |
| **1200 First Street, NE** | * |
| **Washington, DC 20002** | * |
| | * |
| **SERVE ON** | * |
| | * |
| **Eboni J. Govan, FOIA Officer** | * |
| **1200 First Street, NE, 1Oth Floor** | * |
| **Washington, DC 20002** | * |
| | * |
| **And** | * |
| | * |
| **DUKE ELLINGTON SCHOOL** | * |
| **OF THE ARTS PROJECT** | * |
| **3500 R St NW** | * |

1

| | |
|---|---|
| **Washington, DC 20007** | * |
| | * |
| **And** | * |
| | * |
| **DONNA HOLLIS** | * |
| **c/o Duke Ellington School of the Arts** | * |
| **3500 R St NW** | * |
| **Washington, DC 20007** | * |
| | * |
| **And** | * |
| | * |
| **MARK WALKER** | * |
| **3915 7TH Street NE** | * |
| **Apt 1** | * |
| **Washington, DC 20017** | * |
| | * |
| **Defendants.** | * |
| | * |

## AMENDED COMPLAINT

Plaintiff Jane Doe, by and through Dawn Jackson, Esquire, and Jackson & Associates Law Firm, LLC, hereby sues Defendants District of Columbia, District of Columbia Public School System (hereinafter referred to as "DCPS"), Duke Ellington School of the Arts Project (hereinafter referred to as "Duke Ellington"), Donna Hollis (hereinafter referred to as "Hollis"), and Mark Walker (hereinafter referred to as "Walker") and states as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331.

2.  Venue is proper in this Court since the events giving rise to the Plaintiff's claims occurred in the District of Columbia.

## **ALLEGATIONS COMMON TO ALL COUNTS**

3. Plaintiff Jane Doe is an adult citizen of the United States and a resident of Washington, DC. The Plaintiff was a minor who was the victim of unlawful intentional sexual battery, statutory rape and other acts of sexual misconduct, sexual harassment (which continued through 2020), and is being identified by this pseudonym to protect her privacy.

4. The actual identity of the Plaintiff is known to the Defendants.

5. Defendant Duke Ellington is a public secondary school located in the District of Columbia that receives federal funding. Defendants District of Columbia and DCPS managed, operated, maintained, and controlled the subject property known as "Duke Ellington School of the Arts" located at 3500 R St NW, Washington, DC 20007 and its common areas (via the administration of sole source contracts).

6. In 1999, the Duke Ellington School of the Arts Project (DESAP), an independent 501(c)(3) organization governed by its own board of directors and comprised of the DC Public Schools (DCPS), the Ellington Fund, the John F. Kennedy Center for the performing Arts (The Kennedy Center) and The George Washington University (GWU) was created. The board includes a member from each partner.  The Board governs all operations of DESAP pursuant to the sole source contracts administered by DCPS.

7. Defendant DCPS managed the contracts for DESAP that employed agents, employees, officers, staff, administrators, representatives and servants; DCPS policy bound DESAP agents, employees, officers, staff, administrators, representatives,

and/or servants pursuant to the contracts; DCPS policy determined the qualifications or lack of qualifications of said agents, employees, officers, staff, administrators, representatives, and servants pursuant to the contracts.

8. Defendants devised all policies, programs, and/or activities for the aforementioned agents, employees, staff, administrators, representatives and servants, and/or residents of the community, and said agents, employees, staff, administrators, representatives and servants, worked in a common effort for the benefit for the aforementioned Defendants.

9. Defendant Hollis was employed via the contract managed by Defendant District of Columbia and Defendant DCPS Shepherding Coordinator for Defendant Duke Ellington – all staff and teachers at DESAP are mandatory reporters per the student handbook.

10. Defendant Walker was also employed by Defendant DESAP as a teacher at Duke Ellington and is now facing criminal charges by the District of Columbia for "First Degree Child Abuse (Rape)" of Plaintiff that were initiated in June of 2020 which reference the allegations in this complaint. *See* Exhibit A.

11. The District of Columbia was put on notice June 20, 2020, with the filing of the police report, charging documents, and Gerstein Affidavit as of March 21, 2021. *See* Exhibit A.

12. During the 2015-2016 school year, Defendant Walker was hired as a new temporary photography teacher at Duke Ellington.

13. Defendant Walker during this time befriended students, one specifically being Plaintiff who was fifteen (15) years old at the time and an aspiring fashion designer.

14. Defendant Walker immediately singled Plaintiff out using the recent death of her father and special treatment to groom Plaintiff in preparation for sexual abuse.

15. Defendant Walker often brought Plaintiff food and gifts to school and allowed her to not do certain assignments.

16. On one occasion, Defendant Walker gave Plaintiff a letter in class detailing his affections for her.  This letter was shown to friends of the Plaintiff.

17. Defendant Walker used his position as a teacher to communicate with Plaintiff through text messages and handwritten notes.  Defendant Walker also hosted an afterschool program; using these mediums to grow closer to Plaintiff and engender trust.  These messages were in violation of the laws of the District of Columbia.

18. Defendant Walker used Duke Ellington's premises to host these afterschool programs that went on until late in the evening. It is the Plaintiff's information and belief that Defendant Walker was the only faculty present in direct violation of DCPS policy.

19. On one of these occasions while on Duke Ellington's Premises, Defendant Walker fondled Plaintiff's leg in direct violation of DESAP and DCPS policies.  This act was also in violation of the laws of the District of Columbia.

20. At the end of these afterschool programs, Defendant Walker would walk Plaintiff home alone, often stopping at a nearby park where he committed sexual misconduct

in direct violation of DESAP and DCPS policies.  This act was also in violation of the law of the District of Columbia.

21. Defendant Walker continued the same sexual misconduct on Duke Ellington's premises often hugging and "feeling up" Plaintiff in areas that he knew cameras could not access or in his classroom.

22. During this time period, Defendant Walker was ineffectively supervised and ineffectively monitored in accordance with DESAP and DCPS policies.

23. During the summer before the 2016-2017 school year, Defendant Walker convinced Plaintiff to come to his home on three occasions. This act was in direct violation of the laws of the District of Columbia and the policies of DESAP and DCPS.

24. On each of these occasions, the Defendant committed sexual misconduct with the Plaintiff and on the last occasion sexually assaulted Plaintiff.

25. During the 2016-2017, school year Defendant Hollis was informed by another parent that there were allegations regarding a sexual relationship between Defendant Walker and Plaintiff.

26. Pursuant to D.C. Code a mandated reporter is someone "who knows or has reasonable cause to suspect that a child known to him or her in his or her professional or official capacity has been or is in immediate danger of being a mentally or physically abused or neglected child." D.C. Code Ann. § 4-1321.02.

27. As mandated by the Duke Ellington student handbook and DC law, all Duke Ellington teachers and staff are considered mandatory reporters and are thus required to report any suspicion of child abuse or neglect.

28. Defendant Hollis notified Defendant Walker of these allegations but failed to competently investigate these allegations pursuant to the Anti-Sexual Abuse Act of 1994(D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) or report them as mandated by law.

29. Following these allegations, Plaintiff was not removed from Defendant Walker's classes and was forced to maintain classes with her assaulter as his harassment continued until Plaintiff graduated. This was in direct violation of Title IX.

30. In 2018, another female student made allegations against Defendant Walker, claiming that he videoed her without her permission and alluded to the Defendant Walker having assaulted multiple female students at Duke Ellington.

31. That student also made a post on "Instagram" that went viral and garnered the attention of Duke Ellington Faculty.

32. Defendant Hollis again discussed the allegations with Defendant Walker but failed to report the allegations to Metropolitan Police Department or Child and Family Services Agency as mandated by law.

33. Defendant Walker continued to have inappropriate contact in the years following.

34. Defendant Walker's last known contact with Plaintiff was on September 11, 2020, when the Defendant sent her money via CashApp following his recent arrest in what is believed to be an attempt to buy the Plaintiff's silence regarding the assault.

35. Sometime within 2020, Duke Ellington students Shanya Taylor and Makayla Hyatt started an online petition intended to expose and bring awareness to Duke Ellington's policies and behaviors that created or encouraged a hostile environment

with a prevalence of sexual abuse. *See* https://www.change.org/p/daaa-we-need-justice-for-victims-of-sexual-assault-at-duke-ellington-school-of-arts?redirect=false

36. A number of students detailed their own sexual abuse and harassment and identified key faculty such as Defendant Hollis as being influential in the coverups of sexual assaults on the aforementioned petition.

37. During the pattern of grooming and the escalation of Defendant Walker's sexual advances, Plaintiff did not understand the severity of Defendant Walker's behavior, felt helpless and believed that allowing Defendant Walker's sexual advances was in her best interests.  It was not until the news of his arrest surfaced that she realized she was a victim of sexual assault.

38. Defendant Walker exploited the opportunities created by Defendants District of Columbia, DCPS, Duke Ellington, and Hollis to complete his grooming, sexual harassment, and sexual abuse of Plaintiff, some of which occurred on school grounds.  Each of these acts were in direct violation of DESAP policy, in direct violation of DC Law, and direct violation of Title IX.

39. Defendants District of Columbia, DCPS, and Duke Ellington are responsible for providing public education to minor female student s, including Plaintiff, through (a) oversight and supervision of all school functions, school property and school student programs; and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers as well as the review and supervision of curricula developed by

the District of Columbia, schools and teachers as well as those who contract with the District.

40. Pursuant to the partnership between DESAP and Defendants District of Columbia (through DCPS) they are collectively responsible for all policies and procedures within the school. This charge and responsibility include supervision and discipline of teachers, contractors, and administrators, including but not limited to, Defendant Walker.

41. Plaintiff's sexual abuse occurred while Plaintiff was under the control and direction of Defendant Walker, in areas of the school to which Defendant Walker had access by virtue of his employment.  Defendant Walker was bound by the policies of DCPS pursuant to the contract that includes those who contract with the District.

42. Defendant Hollis and all faculty of Duke Ellington were mandated to report all allegations or suspicions of minor abuse pursuant to DC Code. The law required a report be submitted to Child and Family Services Agency or Metropolitan Police Department.  Public reports indicate that this had been done in other cases regarding different student and a different teacher.

43. Duke Ellington employees knew the reporting requirements and correctly followed the protocol in other cases. *See* Exhibit B.

44. Despite allegation of Defendant Walker's inappropriate relationship with Plaintiff and the allegation of Defendant Walker's grooming of Plaintiff for sexual abuse, Defendants Duke Ellington, and Hollis nevertheless: (a) permitted Defendant Walker to have unsupervised access to various rooms and areas of the school; (b)

9

permitted Defendant Walker to have unsupervised contact with students after school hours; (c) did not report the acts of Defendant Walker to law enforcement that constituted sexual harassment, sexual grooming and sexual abuse; (d) did not competently investigate the complaints of students about Defendant Walker's conduct; (e) did not disclose to the students, including Plaintiff, the concerns about Defendant Walker; (f) failed to comply with the duties set forth in District policies and procedures and federal law; (g) concealed Defendant Walker's sexual harassment, sexual grooming and sexual abuse of Plaintiff; (h)failed to remove Plaintiff from Defendant Walker's classes after being made aware of Plaintiff's sexual abuse by Defendant Walker; (i) were deliberately indifferent to the safety, security and well-being of students at Duke Ellington, including but not limited to Plaintiff; (j) prevented students, including Plaintiff, from receiving an education without a condition of such education being sexual harassment, sexual grooming and sexual abuse; and, (k) promoted school policies that fostered a climate to flourish where innocent students, including Plaintiff, were victims of sexual abuse.

## **COUNT I**
(Title IX, 20 U.S.C. §1681, et seq. - All Defendants)

45. Plaintiff incorporates her previous allegations as if fully rewritten herein.

46. Title IX of the Education Amendments of 1972 requires that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

47. At least by 1972, Defendants District of Columbia, DCPS, Duke Ellington (inception in 1974), and Hollis possessed actual notice of liability under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination, and sexual abuse.

48. Upon information and belief, Defendants Duke Ellington, and Hollis possessed actual knowledge of the allegations of Defendant Walker's sexual harassment, sexual grooming, sexual discrimination, and sexual abuse of students as early as 2017.

49. Upon information and belief, Defendants District of Columbia, DCPS, Duke Ellington and Hollis possessed actual knowledge that Defendant Walker had ample opportunity to sexually abuse students when there was a noted lack of other faculty present in remote areas of the school or during events after school hours.

50. Plaintiff between 2015-2020 was subjected to discrimination in her education at Duke Ellington based on her gender in that she suffered teacher-on-student sexual harassment, sexual grooming, sexual abuse, and inappropriate contact as a condition of her receipt of an education at Duke Ellington. Additionally, the abuse and harassment continued to be a condition of her post-high school educational endeavors.

51. Defendants District of Columbia, DCPS, Duke Ellington and Hollis failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and

known risks to minor female students at Duke Ellington placed under Defendant Walker's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Defendant Walker; and, (d) allowing Defendant Walker to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time.

52. The deliberate indifference, actions and omissions described above caused Plaintiff to suffer criminal sexual harassment and abuse by Defendant Walker.

53. Title IX requires Defendants DCPS, Duke Ellington and Hollis to provide educational opportunity on an equal basis to all students regardless of their gender.

54. Defendants DCPS, Duke Ellington and Hollis failed to comply with Title IX in that despite prior allegations of misconduct, Defendants continued to allow Defendant Walker unsupervised access to minor female students and access to certain rooms and areas where Defendant Walker had the privacy to carry out the sexual abuse of minor female students, including Plaintiff.

55. 20 U.S.C. § 1981affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 U.S.C. § 1981.

56. As a direct and proximate result of the conduct of Defendants District of Columbia, DCPS, Duke Ellington and Hollis as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

<u>**COUNT II**</u>
(42 U.S.C. § 1983- Hollis)

57. Plaintiff incorporates her previous allegations as if fully rewritten herein.

58. Duke Ellington is a quasi-governmental entity due to its partnership with DCPS (an agency with the District of Columbia) that has a governing interest in its supervisory board.

59. Duke Ellington exists as a public school that has a majority of its funding from the District of Columbia through contracts with DCPS that govern its management and administration.

60. Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) governed the actions of all educational entities in the District

of Columbia including those who contract with the District of Columbia or its agencies until the passage of the School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020.  Defendant Hollis failed to take any appropriate action to remove the Plaintiff from the scope of immediate danger and forced her to remain in the harmful cone of danger with her alleged abuser in direct violation of these laws.

61. Pursuant to law, all teachers and staff of Duke Ellington are required to act pertaining to the safety and security of students.  Administration is charged with ensuring that all faculty comply with DCPS policies, regulations, and school handbook policy.

62. Defendant Hollis was acting under the color of these statutes in her capacity as an official with the authority to take action against Defendant Walker.

63. During Plaintiff's abuse by Defendant Walker, Defendant Hollis knew or reasonably should have known based on the allegations she had received that Defendant Walker exhibited dangerous propensities and was a threat of harm to students, including Plaintiff.

64. Upon information and belief, Defendant Hollis was uniquely aware of Defendant Walker's propensity to commit acts of sexual harassment, sexual grooming, sexual abuse or misconduct against Plaintiff.  Therefore, Defendant Walker's continued misconduct – and the harm that was likely to result from that misconduct – was foreseeable.

65. Upon information and belief, Defendant Hollis was uniquely aware that Defendant Walker had used Duke Ellington's property to perpetuate acts of sexual harassment, sexual grooming, sexual abuse and/or misconduct against students to which Defendant Walker had access by and through his employment with the school.

66. Defendant Hollis turned a blind eye to allegations of sexual harassment, sexual grooming, sexual abuse, and misconduct, ignored complaints, failed to respond to allegations of misconduct in accordance with the law, Title IX, and DCPS policy, and acted with deliberate indifference to the rights of minor female students, including Plaintiff.

67. Plaintiff was deprived of her constitutional liberty and equal protection interests under the Fourteenth Amendment by Defendant Hollis's failure to restrict, reduce, or report Defendant Walker's actions that fostered a hostile educational climate where minor female students, including Plaintiff, were left vulnerable and subject to sexual abuse, sexual grooming and sexual harassment by Defendant Walker, an agent, servant and/or employee of Duke Ellington through the contracts with DCPS.

68. The conduct of Defendant Hollis was arbitrary and offensive, shocking the conscience and interfering with minor female student's rights and liberties granted by the constitution and protected by law, including the Plaintiff's.

69. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

70. As a direct and proximate result of the conduct of Defendant Hollis as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

71. The conduct of Defendant Hollis constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

72. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Defendant Hollis and to deter similar conduct by others.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

### COUNT III
(42 U.S.C § 1983- Duke Ellington)

73. Plaintiff incorporates her previous allegations as if fully rewritten herein.

16

74. Duke Ellington is a quasi-governmental entity due to its partnership with the DCPS (an agency with the District of Columbia) that has a governing interest in its supervisory board.

75. Duke Ellington exists as a public school that has a majority of its funding from the District of Columbia through contracts with DCPS that govern its management and administration.

76. Upon information and belief, Duke Ellington receives approximately 75% of its funding via sole source contracts with DCPS.  According to the Kennedy Center – a partner of DESAP – "the school is managed and operated by The Kennedy Center, George Washington University and the Ellington Fund under a contract with District of Columbia Public Schools (DCPS) titled the Duke Ellington School of the Arts Project."

77. Duke Ellington established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, sexual grooming, sexual abuse and misconduct to continue to occur without corrective action.

78. Such policy, practice or custom includes, but is not limited to: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse and to appropriate authorities as required by law and policy; (b) failing to cure or even attempt to cure obvious and known risks to minor female students at Duke Ellington placed under Defendant Walker's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred

between any student and adult, whether generally or specifically in relation to Defendant Walker; (d) allowing Defendant Walker to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; (e) allowing Defendant Walker to have unsupervised access to various rooms and areas at Duke Ellington while having absolutely no effective plan for supervision or surveillance of Defendant Walker.

79. Defendants Duke Ellington and Defendant Hollis employed policies, practices and customs which fostered a climate facilitating sexual abuse of minor female students by Defendant Walker.  This evidenced a reckless disregard and/or a deliberate indifference to the consequences that such policies had on minor female students at Duke Ellington, including Plaintiff.

80. Duke Ellington board of Directors (which include DCPS) and administrators, and Hollis in particular, had final policymaking authority of Duke Ellington and exercised that granted authority in making decisions that perpetuated and/or allowed the sexual abuse of Plaintiff by Defendant Walker and caused Plaintiff's harm to occur and/or continue.

81. Duke Ellington and all of its faculty are mandated reporters pursuant to D.C. Code Ann. § 4-1321.02, and are required to report allegations and suspicions of child abuse to the Child and Family Services Agency or Metropolitan Police Department.The student handbook fosters a special relationship between Duke

Ellington faculty and the students because they are advised that mandatory reporting will occur.

82. The Duke Ellington faculty are mandatory reporters under the law; therefore, they are acting under the color of law in their capacity as educators of the District of Columbia.

83. Pursuant to Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, all educational entities in the District of Columbia were charged with the duty to protect all students from any potential sexual abuse.  They were effectively mandated agents of the District of Columbia as a condition of their existence within the city's border.  Every action or failure to act under these statutes were actions under the color of law.

84. Plaintiff was deprived of her constitutional liberty interest and equal protection under the Fourteenth Amendment by Duke Ellington by Duke Ellington's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor female students, including Plaintiff, were left vulnerable to and actually were subject to sexual abuse by Defendant Walker, an agent, servant and/or employee of Duke Ellington.

85. Duke Ellington's conduct was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

86. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 U.S.C § 1983.

87. As a direct and proximate result of the conduct of Duke Ellington as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of normal life; (d) medical and counseling expenses; and (e) lost wages.

88. The conduct of Duke Ellington constitutes a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

89. Justice and the public good require an award of punitive or exemplary damages in such sum that will serve to punish Duke Ellington and to deter like conduct.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## <u>COUNT IV</u>
(Negligent Hiring, Training, Supervision and Retention- DCPS and Duke Ellington)

90. Plaintiff incorporates her previous allegations as if fully rewritten herein.

20

91. While Duke Ellington actually employed Defendants Walker and Hollis, DCPS instituted and mandated the policy that governed their employment via the contracts which bound the school.

92. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to employ qualified and competent teachers to work within its schools. This duty is even greater in the context of a public school where parents have a trust and faith in the leaders, a reliance on those who are chosen to lead, and the school acts *in loco parentis*.

93. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically Plaintiff to supervise its employees, servants, and/or agents with access to its minor female students, including Plaintiff.

94. At all times material, Defendant DCPS and Duke Ellington owed a duty to properly and effectively supervise its faculty and staff, including Defendant Walker.

95. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to make an appropriate investigation of its employees, servants, and/or agents who were in or would be placed in a position to come in contact with minor female student s of DCPS and Duke Ellington.

96. At all times material, Defendants DCPS and Duke Ellington owed a duty to Plaintiff, to terminate any and all employees, servants and/or agents that it knew or should have known had engaged or sought to engage in inappropriate communication and/or unlawful sexual activities with its minor female student s.

97. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with a minor female student is ongoing or is potentially sought and report it accordingly.

98. Defendants knew, or in the exercise of reasonable care should have known, that by allowing Defendant Walker to have unfettered access to female students, privacy in his classroom, and no supervision, female students at Duke Ellington were at grave risk for sexual abuse.

99. At all times material, Defendants DCPS and Duke Ellington breached its duty to Plaintiff in the following ways:

a. Failing to hire competent and qualified employees, servants and/or agents without proclivities to engage in sexual battery against its minor female students;

b. Failing to hire competent and qualified employees, servants and/or agents with knowledge and training needed to accurately identify sexual predators like Defendant Walker and act accordingly;

c. Failing to investigate the fitness for employment of Defendant Walker;

d. Failing to train its employees, servants and/or agents to identify and report when a member of the Duke Ellington staff is engaging in unlawful sexual behavior with its minor female students;

e. Failing to supervise Defendant Walker in a proper manner to prevent the sexual battery against its minor female student including Plaintiff;

f. Failing to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with another employee, servant and/or agent and a minor female student is ongoing and report it accordingly;

g.  Failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of Defendant Walker against Plaintiff and others but did nothing to stop or report it;

h.  Failing to terminate and/or provide remedial measures to ensure the safety of students once Defendant Duke Ellington knew or should have known of Defendant Walker's propensities for inappropriate contact with female students;

i.  Failing to properly investigate and reasonably warn students once Defendant Walker's propensities were made abundantly clear when he was accused of having a sexual relationship with Plaintiff;

j.  Failing to procure or develop policies and procedures to prohibit sexual relationships between agents or employees and minor female students.

100. As a direct and proximate result of Defendant DCPS and Duke Ellington's negligence, Defendant Walker committed sexual battery on Plaintiff, causing her serious and permanent injuries.

101. As a direct and proximate result of the negligence of DCPS and Duke Ellington, Plaintiff was sexually battered, raped, traumatized, and caused to suffer mental pain and suffering, psychological injuries, and the loss of the capacity for the enjoyment of life.

102. As a further direct and proximate cause of the negligence of Defendants DCPS and Duke Ellington, Plaintiff has incurred in the past medical and psychological expenses for the treatment of her injuries and will incur such expenses in the future.

103. As a further direct and proximate cause of the negligence of Defendants DCPS and Duke Ellington, it is expected that the Plaintiff will also incur lost future earning

capacity as a result of these acts. All of said damages are permanent and continuing in nature.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

## <u>COUNT V</u>
(Intentional Infliction of Emotional Distress – All Defendants)

104.  Plaintiff incorporates her previous allegations as if fully rewritten herein.

105.   To establish a claim for Intentional Infliction of Emotional Distress Plaintiff must assert that the Defendants conduct was outrageous, that the conduct was intentional, and that the plaintiff suffered emotional distress as a result.

106.  While acting as an agent, employee, staff, administrator, representative, and/or servant of the Defendants Duke Ellington and DCPS, Defendant walker committed sexual misconduct and sexually assaulted Plaintiff his minor female student.

107.  After being notified of Defendant Walker's sexual abuse of Plaintiff, Defendant Hollis willfully and knowingly failed to report the allegations of sexual abuse to the appropriate agencies as required by law and Title IX.

108.  Defendants knowingly, intentionally, and continuously placed Plaintiff Jane Doe in classes with the assailant Defendant Walker allowing him further access to abuse her.

109. Moreover, after being informed of the abuse, Defendant Hollis, as a faculty member tasked with facilitating student emotional development, not only failed to report as mandated but also failed to simply speak with Plaintiff regarding the allegations of sexual abuse or arrange for counseling to ensure her mental well-being.

110. Defendant Walker's sexual assault and continuous harassment of Plaintiff and Defendant Hollis' failure to report were intentional, willful and outrageous.

111. As a direct and proximate result of Defendants'outrageous conduct, Plaintiff has suffered severe emotional distress with physical manifestations, which will be substantiated by her medical records and the testimony of medical professionals.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

<u>**COUNT VI**</u>

(**Negligence** - Against All Defendants)

112. Plaintiff incorporates her previous allegations as if fully rewritten herein.

113. At all times material, Defendants DCPS and Duke Ellington, were required to comply with Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and subsequently, School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020.

114. At all time material, Defendants DCPS and Duke Ellington, were required to comply with Title IX and ensure that no student was discriminated against on the basis of gender and that all received an equal educational opportunity under law.

115. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to employ qualified and competent teachers to work within its schools.

116. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and specifically to Plaintiff, Jane Doe, to properly supervise and monitor its teachers and their access and interactions with students.

117. At all times material, Defendants DCPS and Duke Ellington owed a duty to the public and Plaintiff to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with a minor female student is ongoing or is potentially sought and report it accordingly.

118.  At all times material, Defendants DCPS and Duke Ellington breached its duty to Plaintiff in the following ways:

   a.  Failing to hire competent and qualified employees, servants and/or agents without proclivities to engage in sexual battery against its minor female students;

   b.  Failing to hire competent and qualified employees, servants and/or agents with knowledge and training needed to accurately identify sexual predators like Defendant Walker and act accordingly;

   c.  Failing to investigate the fitness for employment of Defendant Walker;

d.  Failing to train its employees, servants and/or agents to identify and report when a member of the Duke Ellington staff is engaging in unlawful sexual behavior with its minor female students;

e.  Failing to supervise Defendant Walker in a proper manner to prevent the sexual battery against its minor female students including Plaintiff;

f.  Failing to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with another employee, servant and/or agent and a minor female student is ongoing and report it accordingly;

g.  Failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of Defendant Walker against Plaintiff but did nothing to stop or report it;

h.  Failing to terminate and/or provide remedial measures to ensure the safety of students once Defendant Duke Ellington knew or should have known of Defendant Walker's propensities for inappropriate contact with female students;

i.  Failing to properly investigate and reasonably warn students once Defendant Walker's propensities were made abundantly clear when he was accused of having a sexual relationship with Plaintiff;

j.  Failing to procure or develop policies and procedures to prohibit sexual relationships between agents or employees and minor female students.

119. It was foreseeable to Defendants Duke Ellington and DCPS, that Defendant Walker's conduct would cause Plaintiff harm.  Defendants continued to place Plaintiff in Defendant Walker's classes; therefore, causing more harm in direct violation of Title IX.

120. As a direct, foreseeable and proximate result of the negligence of Defendants Duke Ellington and DCPS, Plaintiff Jane Doe sustained serious injuries, suffered

emotional harm and torment and the loss of the capacity for the enjoyment of life, and continues to receive psychological treatment.

**WHEREFORE**, the Plaintiff Jane Doe sues Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

<u>**COUNT VII**</u>
(Civil Assault and Battery- Walker)

121. Plaintiff incorporates her previous allegations as if fully rewritten herein.

122. The elements of an assault are (1) of an intentional act (2) to cause an apprehension of harmful or offensive contact that causes (3) apprehension of such contact in the victim.

123. The elements of battery are: (1) an act by a defendant; (2) an intent to cause harmful or offensive contact on the part of the defendant; and (3) harmful or offensive contact to the victim.

124. Defendant Walker, without privilege to do so, committed an assault and a battery upon Plaintiff as described above when he forcefully penetrated the Plaintiff's vagina with his penis after Plaintiff told him that she did not want to have sexual intercourse with him.

125. As a direct and proximate result of Defendant Walker's assault and battery, Plaintiff has suffered the damages outlined above.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

### <u>COUNT VIII</u>
(Gross Negligence –Donna Hollis)

126. Plaintiff incorporates her previous allegations as if fully rewritten herein.

127. Gross negligence is defined as "such an extreme deviation from the ordinary standard of care as to support a finding of wanton, willful and reckless disregard or conscious indifference for the rights and safety of others." *D.C. v. Walker*, 689 A.2d 40 (D.C. App. 1997).

128. The ordinary standard of care for educators such as Defendant Hollis is to report any suspicion of child abuse or neglect to either Metropolitan Police Department or Child and Family Services as mandated by DC Code.D.C. Code Ann. § 4-1321.02.

129. Further, DC has statutory requirements for all education professionals to safeguard the students and protect them from any form of sexual harm. *See* Anti-Sexual Abuse Act of 1994, effective May 23, 1995 (D.C. Law 10-257; D.C. Official Code § 22-3020.51(4)) and subsequently, School Safety Omnibus Amendment Act of 2018. D.C. ACT 22-624, enacted 2019 and effective School Year 2020.

130. At all times material, Defendant Hollis, was required to comply with Title IX and ensure that no student was discriminated against on the basis of gender and that all received an equal educational opportunity under law.

131. Defendant Hollis deviated from that standard of care by failing to report the suspicion of sexual abuse of Plaintiff by Defendant Walker to either of the mandated agencies in direct violation of Title IX.

132. Defendant Hollis, knowingly and intentionally forced the Plaintiff to attend classes taught by Defendant Walker after she knew or had reason to believe that Defendant Walker was alleged to have committed and continued to commit sexual abuse of a minor Plaintiff.

133. Defendant Hollis knowing that minor Plaintiff was incapable of defending herself or having the knowledge to get assistance had possibly been or was possibly being abused and her failure to report as mandated was wanton, willful and reckless disregard of rights and safety of Plaintiff.

134. As a direct and proximate result of Hollis's wanton or reckless conduct, Plaintiff has suffered the damages outlined above.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of Ten Million Dollars ($10,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest, and demands trial by jury of all issues so triable as of right by jury.

Respectfully submitted,
_____/S/_____
Dawn Jackson, Esq. (Bar No. 485118)
JACKSON & ASSOCIATES LAW FIRM, LLC
1300 Caraway Court
Suite 100
Largo, MD 20774

301 883 0800 Tel.
301 883 0801 Fax
djackson@jacksonassociateslawfirm.com
**Counsel for Plaintiff**

<u>**JURY DEMAND**</u>

Plaintiff demands trial by a jury on all issues so triable.

_____ **/s/** _____
Dawn Jackson (485118)