**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANE DOE** * | |
| **c/o The Ponds Law Firm** * | |
| **1025 Connecticut Ave, NW Suite 1000** * | |
| **Washington, DC 20036** * | |
| * | |
| **Plaintiff,** * | |
| * | **Case Number: 1:21-CV-01762** |
| **v.** * | **Judge Dabney L. Friedrich** |
| * | |
| **DUKE ELLINGTON SCHOOL** * | |
| **OF THE ARTS PROJECT** * | |
| **3500 R St NW** * | |
| **Washington, DC 20007** * | |
| * | |
| **And** * | |
| * | |
| **DONNA HOLLIS** * | |
| **c/o Duke Ellington School of the Arts** * | |
| **3500 R St NW** * | |
| **Washington, DC 20007** * | |
| * | |
| **And** * | |
| * | |
| **MARK WALKER** * | |
| **3915 7ᵗʰ Street NE** * | |
| **Apt 1** * | |
| **Washington, DC 20017** * | |
| * | |
| **Defendants.** * | |
| * | |

**SECOND AMENDED COMPLAINT**

Plaintiff Jane Doe, by and through undersigned counsel, hereby submits this Second

Amended Complaint against Defendants Duke Ellington School of the Arts Project (hereinafter

referred to as "Duke Ellington"), Donna Hollis (hereinafter referred to as "Hollis"), and Mark

Walker (hereinafter referred to as "Walker") and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this Court since the events giving rise to the Plaintiff's claims occurred in the District of Columbia and Defendant Duke Ellington's principal place of business is in the District of Columbia.

## PARTIES

3.      Plaintiff Jane Doe is an adult citizen of the United States and a resident of Washington, DC[1].

4.      Defendant Duke Ellington is a public secondary school located in the District of Columbia that at all times relevant herein received federal funding.

5.      Defendant Hollis is an adult citizen of the United States and upon information and belief a resident of Washington, DC.

6.      At all times relevant herein Defendant Hollis was an employee of Duke Ellington.

7.      Defendant Walker is an adult citizen of the United States and upon information and belief a resident of Washington, DC.

8.      At all times relevant herein Defendant Walker was an employee of Duke Ellington.

## ALLEGATIONS COMMON TO ALL COUNTS

9.      Duke Ellington is a 501(c)(3) organization governed by its own board of directors.

10.     Upon information and belief, at all times relevant herein Duke Ellington's board included a member from each partner, which includes the District of Columbia Public Schools

---

[1] Plaintiff was the victim of a sexual assault as a minor and is being identified by this pseudonym to protect her privacy. Defendants are aware of Plaintiff's actual identity.

(DCPS), the Ellington Fund, the John F. Kennedy Center for the performing Arts (The Kennedy Center) and The George Washington University (GWU).

11.     At all times relevant herein, Duke Ellington received sole source contracts administered by DCPS to operate a public secondary school known as Duke Ellington within the DCPS school system in the District of Columbia.

12.     At all times relevant herein the Duke Ellington board governed all operations of Duke Ellington pursuant to the sole source contracts administered by DCPS.

13.     At all times relevant herein, Duke Ellington employed all staff at Duke Ellington and was responsible for all personnel decisions for teachers, administrators and support staff at Duke Ellington.

14.     Upon information and belief, at all times relevant herein Duke Ellington was bound by DCPS policy that applied to all public secondary schools in the District of Columbia.

15.     At all times relevant herein, Duke Ellington devised policies, programs, and/or activities for teachers, administrators and support staff at Duke Ellington.

16.     At all times relevant herein, Hollis was employed by Duke Ellington as a Shepherding Coordinator.

17.     Upon information and belief, at all times relevant herein Hollis's responsibilities included supervision of teachers and she had the authority to discipline teachers.

18.     At all times relevant herein, Sandy Logan ("Logan") was the Assistant Principal of Duke Ellington.

19.     Upon information and belief, at all times relevant herein Logan's responsibilities included supervision of teachers and she had the authority to discipline teachers.

20.     At all times relevant herein Desepe de Vargas ("de Vargas") was the Principal of Duke Ellington.

21.     Upon information and belief, at all times relevant herein de Vargas's responsibilities included supervision of teachers and she had the authority to discipline teachers.

22.     At all times relevant herein Walker was employed by Duke Ellington as a teacher at Duke Ellington.

23.     At the time the initial Complaint was filed, Walker was facing criminal charges by the District of Columbia for "First Degree Child Abuse (Rape)" of Plaintiff that were initiated in June of 2020.

24.     Plaintiff incorporates by reference all allegations contained in the District of Columbia Metropolitan Police Department ("MPD") Public Incident Report, Criminal Complaint filed in the Superior Court of the District of Columbia ("Superior Court"), and Affidavit in Support of an Arrest Warrant ("Gerstein"), which are collectively attached as Exhibit A to this Second Amended Complaint.

25.     Plaintiff attended Duke Ellington from 2013 until her graduation in 2017.

26.     At all times relevant herein all teachers and administrators at Duke Ellington had a statutory duty to investigate and report instances of actual or potential sexual misconduct against a minor student.

27.     During the pattern of grooming and the escalation of Walker's sexual advances, Plaintiff did not understand the severity of Walker's behavior, felt helpless and believed that allowing Walker's sexual advances was in her best interests.

28.     Walker exploited the opportunities created by Duke Ellington and Hollis to complete his grooming, sexual harassment, and sexual abuse of Plaintiff, some of which occurred

on school grounds. Each of these acts were in direct violation of Duke Ellington policy, DC Law, and Title IX.

29.     Duke Ellington is responsible for providing public education to minor female students, including Plaintiff, through (a) oversight and supervision of all school functions, school property and school student programs; and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers as well as the review and supervision of curricula developed by the District of Columbia, schools and teachers as well as those who contract with the District.

30.     Duke Ellington is responsible for all policies and procedures within the school. This charge and responsibility include supervision and discipline of teachers, contractors, and administrators, including but not limited to, Walker.

31.     Plaintiff's sexual abuse occurred while Plaintiff was under the control and direction of Walker, in areas of the school to which Walker had access by virtue of his employment.

32.     Hollis and all faculty of Duke Ellington were mandated to report all allegations or suspicions of minor abuse pursuant to DC Code. The law required a report be submitted to Child and Family Services Agency or Metropolitan Police Department. Public reports indicate that this had been done in other cases regarding different student and a different teacher.

33.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless permitted Walker to have unsupervised access to various rooms and areas of the school.

34.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless permitted Walker to have unsupervised contact with students after school hours.

35.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless did not report the acts of Walker to law enforcement that constituted sexual harassment, sexual grooming and sexual abuse.

36.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless did not investigate the complaints of students about Walker's conduct.

37.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless did not disclose to the students, including Plaintiff, the concerns about Walker.

38.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless failed to comply with the duties set forth in District policies and procedures and federal law.

39.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless concealed Walker's sexual harassment, sexual grooming and sexual abuse of Plaintiff.

40.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless failed to remove Plaintiff from Walker's classes after being made aware of Plaintiff's sexual abuse by Walker.

41.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless were

deliberately indifferent to the safety, security and well-being of students at Duke Ellington, including but not limited to Plaintiff.

42.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless prevented students, including Plaintiff, from receiving an education without a condition of such education being sexual harassment, sexual grooming and sexual abuse.

43.     Despite actual knowledge of Walker's inappropriate relationship with Plaintiff and Walker's grooming of Plaintiff for sexual abuse, Duke Ellington and Hollis nevertheless promoted school policies that fostered a climate to flourish where innocent students, including Plaintiff, were victims of sexual abuse.

## 2015-2016 SCHOOL YEAR

44.     Walker was Jane Doe's photography teacher at Duke Ellington for the 2015-2016 school year.

45.     During this time Walker befriended numerous female students, including Plaintiff, who was fifteen (15) years old at the time.

46.     Walker immediately targeted Plaintiff using the recent death of her father to manipulate and exploit her by providing her with special treatment.

47.     Walker used his position as a teacher to communicate with Plaintiff through text messages, emails and handwritten notes.

48.     Whenever Walker would communicate with Plaintiff via email he utilized the same email account that he used for official Duke Ellington business as a teacher there.

49.     Upon information and belief, whenever Walker would communicate with Plaintiff via email he did so on a Duke Ellington wireless network connection to the internet.

50.     Upon information and belief, at all times relevant herein Duke Ellington had the ability to audit any communications that Walker sent on the Duke Ellington wireless network.

51.     In his communications with Plaintiff Walker would ask Plaintiff questions about her personal life.

52.     Upon information and belief, the aforementioned questions by Walker were attempts to gather information to be used to manipulate and exploit Plaintiff.

53.     Walker often purchased food for Plaintiff and gave it to her during school hours.

54.     The food Walker would bring for Plaintiff consisted of food items that he knew Plaintiff was partial to based on his conversations with Plaintiff.

55.     Walker purchased gifts for Plaintiff on numerous occasions and gave them to her during school hours.

56.     The types of gifts Walker purchased for Plaintiff suggested that Walker had an interest in a romantic relationship with Plaintiff.

57.     Walker also allowed Plaintiff to be exempt from certain assignments that other students were required to complete.

58.     As the 2015-2016 school year progressed Walker's communications to Plaintiff become more romantic in nature.

59.     On at least one occasion, Walker gave Plaintiff a letter in class detailing his affections for her.

60.     Walker allowed Duke Ellington students, including Plaintiff, to access his classroom at any time.

61.     On a number of occasions Walker provided the key to his classroom to Duke Ellington students.

62.     Walker provided the key to his classroom so that students could access his classroom without adult supervision and so that they had somewhere to socialize when they decided to cut other classes.

63.     Walker encouraged Duke Ellington students, including Plaintiff, to take their lunch hour in his classroom.

64.     Walker allowed students to leave their video game systems connected in his classroom so that they could play those video game systems at their leisure.

65.     On numerous occasions Walker brought marijuana to school and provided it to Duke Ellington students, including Plaintiff.

66.     Walker pressured Plaintiff and other Duke Ellington students into smoking marijuana.

67.     Upon information and belief, Walker pressured Plaintiff into smoking marijuana and began supplying her marijuana so that he could more easily manipulate and exploit her.

68.     In the Fall of 2015, Walker began an afterschool program at Duke Ellington that he hosted.

69.     Upon information and belief, Walker was often the only Duke Ellington employee present during the aforementioned afterschool program, which could go on until late in the evening.

70.     During the aforementioned afterschool program Walker was often alone in the school with one or more minor female students, including Plaintiff.

71.     The aforementioned afterschool program was created by Walker solely for the purpose of furthering his goal to groom Plaintiff and other Duke Ellington students for sexual assault.

72.    Upon information and belief, it was a violation of Duke Ellington policy for Walker to be alone in the school with minor female students.

73.    Upon information and belief, Duke Ellington employees in charge of supervising Walker were aware of the fact that Walker was alone in the school with one or more minor female students.

74.    Upon information and belief, Duke Ellington employees in charge of supervising Walker were aware of the fact that Walker was pursuing a romantic and/or sexual relationship with minor female students.

75.    Duke Ellington chose to allow Walker to continue the aforementioned afterschool program without any additional oversight or supervision.

76.    Plaintiff would often attend the afterschool program hosted by Walker and would often eat lunch in his classroom.

77.    Walker used his position as Plaintiff's teacher, the afterschool program and Plaintiff's lunch hour to grow closer to Plaintiff and gain her trust.

78.    Walker would often flirt with Plaintiff while on Duke Ellington's premises and touch her in inappropriate ways.

79.    Some of Walker's flirting with Plaintiff and inappropriate touching occurred while school was in session.

80.    The inappropriate touching included, but is not limited to, touching Plaintiff's thighs, giving Plaintiff long hugs around her waist, holding Plaintiff's hand, playing with Plaintiff's hair, sitting with his knees touching Plaintiff, and putting Plaintiff's leg in his lap.

81.    At the conclusion of the afterschool program hosted by Walker, he would often take Plaintiff home alone.

82.     On some occasions Walker would stop at a nearby park, where he would pressure Plaintiff to engage in sexual acts with him.

83.     On some occasions Plaintiff engaged in sexual acts with Walker while he was taking her from the school property to her residence.

84.     Walker continued the same sexual misconduct on Duke Ellington's premises often hugging and "feeling up" Plaintiff in areas that he knew cameras could not access or in his classroom.

85.     During this time period, Walker was ineffectively supervised and ineffectively monitored in accordance with Duke Ellington's policies.

86.     During the summer before the 2016-2017 school year, Walker convinced Plaintiff to come to his home on three occasions.

87.     Upon information and belief, Walker convinced Plaintiff to come to his home so that he could engage in sexual acts with Plaintiff, who was a minor at the time.

88.     On each of these occasions, Walker committed sexual misconduct with the Plaintiff and on the last occasion sexually assaulted Plaintiff as detailed in Exhibit A.

89.     Subsequent to the sexual assault detailed in Exhibit A Plaintiff did not interact with Walker until the start of the 2016-2017 school year.

## 2016-2017 SCHOOL YEAR

90.     When Plaintiff returned for the 2016-2017 school year Walker was again assigned to be her teacher.

91.     At the beginning of the school year Plaintiff informed Walker that she no longer wanted to be physically or romantically involved with him.

92.     Throughout the school year Walker continued to pursue a sexual relationship with Plaintiff by attempting to coerce and manipulate Plaintiff.

93.     Walker continued to send Plaintiff romantic communications, including but not limited to via email, as he had done in the prior school year.

94.     Walker continued the special treatment that he had given Plaintiff in the prior school year.

95.     On Plaintiff's birthday, in September 2016, Walker gave his class the assignment of doing a portrait of Plaintiff.

96.     Walker referred to Plaintiff as a goddess and provided her with attire to wear while she modeled for the class to draw her.

97.     The aforementioned portrait of Plaintiff is another example of the special treatment Walker gave Plaintiff.

98.     Walker continued to give Plaintiff long hugs around the waist while school was in session and while on Duke Ellington's premises.

99.     Walker continued to allow Duke Ellington students access to his classroom has he had done in the prior school year.

100.    Walker continued to host the afterschool program as he had done in the prior school year.

101.    Plaintiff felt pressured to attend the afterschool program hosted by Walker but did so less frequently than the prior school year.

102.    Upon information and belief, at or about the Fall of 2016 a parent reported to Hollis that there was an ongoing sexual relationship between Walker and Plaintiff, and that it was impacting Walker's treatment of Plaintiff and other Duke Ellington students.

103.    Upon information and belief, the Duke Ellington student handbook provided that when a student had a complaint with a member of staff, they were directed to either bring it to the attention of the department Chair, the Dean of Students or the Principal.

104.    Upon information and belief, Hollis informed Logan and de Vargas of the aforementioned alleged sexual relationship between Walker and Plaintiff, who was still a minor.

105.    Upon information and belief, de Vargas directed Hollis and/or Logan to speak with Walker.

106.    Upon information and belief, Hollis and Logan met with Walker in the Fall of 2016 to discuss the allegations that he had sexual relations with Plaintiff, a minor student.

107.    After the aforementioned discussion Walker met with Plaintiff and covertly informed her that he had met with Hollis and Logan and that they had asked him questions about the nature of his relationship with Plaintiff.

108.    Walker then warned Plaintiff that Hollis and/or Logan would contact Plaintiff and inquire about the nature of their relationship.

109.    Walker attempted to coerce Plaintiff to give the same story that he did so that Hollis and/or Logan would not further pursue the matter.

110.    No Duke Ellington employee ever spoke with Plaintiff about her relationship with Walker or the allegations made against Walker in the aforementioned parent's report to Hollis.

111.    Upon information and belief, Duke Ellington took no action in response to the aforementioned parent's report other than speaking with Walker.

112.    Upon information and belief, no Duke Ellington employee reported the allegations against Walker regarding his sexual misconduct with Plaintiff to the MPD or the District of Columbia Child and Family Services Agency as mandated by D.C. Code.

113.    Following these allegations, Plaintiff was not removed from Walker's classes.

114.    Plaintiff was forced to maintain classes with her assaulter as his harassment continued until Plaintiff graduated.

115.    Walker was in charge of selecting students for various honors, including students who would design Christmas cards for the White House.

116.    Plaintiff was fearful of speaking out about the assault due to the fact that the school did not contact her regarding the allegations made by a parent.

117.    Plaintiff was fearful that speaking out would lead to her being ostracized and negatively impact her reputation in the artistic community, which would detrimentally affect her higher education and career prospects.

118.    At the time, Plaintiff heard rumors that Duke Ellington, and specifically Hollis, had suppressed other allegations of sexual misconduct between teachers and minor students.

119.    Plaintiff's academic performance declined.

120.    Plaintiff's academic performance declined due to the fact that she was forced to continue to attend class every day with Walker, who had manipulated her, taken advantage of her and sexually assaulted her.

121.    Plaintiff's academic performance declined due to the fact that Walker continued to sexually harass her throughout the school year.

122.    Plaintiff endured Walker's continued sexual harassment and was selected by Walker to participate in designing Christmas cards for the White House.

123.    Plaintiff attended the 2016 White House Christmas party with Walker, other students who designed Christmas cards for the White House and various other teachers and administrators from Duke Ellington.

124.    At the aforementioned party Walker encouraged Plaintiff and other Duke Ellington students to consume alcohol, which was readily accessible to the students.

125.    Upon information and belief, Walker was attempting to coerce Plaintiff into being vulnerable for another sexual assault.

126.    At some point during the aforementioned party Walker referred to Plaintiff as a bitch to other Duke Ellington students.

127.    Upon information and belief, Walker referred to Plaintiff as a bitch because she was avoiding his sexual advances.

## POST GRADUATION FROM DUKE ELLINGTON

128.    Subsequent to Plaintiff's graduation Walker continued to have inappropriate contact with her in the years following.

129.    Walker's last known contact with Plaintiff was on September 11, 2020, when Walker sent her money via CashApp following his recent arrest.

130.    Upon information and belief, Walker's September 11, 2020, payment to Plaintiff was an attempt to buy the Plaintiff's silence regarding his sexual misconduct with her during her time at Duke Ellington.

131.    Sometime in 2020, Duke Ellington students Shanya Taylor and Makayla Hyatt started an online petition intended to expose and bring awareness to Duke Ellington's policies and behaviors that created or encouraged a hostile environment with a prevalence of sexual abuse. *See* https://www.change.org/p/daaa-we-need-justice-for-victims-of-sexual-assault-at-duke-ellington-school-of-arts?redirect=false

132.     A number of students detailed their own sexual abuse and harassment and identified key faculty such as Hollis as being influential in the coverups of sexual assaults on the aforementioned petition.

133.     It was not until the news of his arrest surfaced and Jane Doe was questioned by a MPD detective that she confronted the fact that she was a victim of sexual assault.

134.     Plaintiff has suffered and continues to suffer psychological and emotional distress as a result of the trauma caused by Walker's assault of her and Duke Ellington's response.

135.     The trauma Plaintiff has suffered has negatively impacted her ability to work in her field and pursue a career as an artist.

## <u>COUNT I</u>

(Title IX, 20 U.S.C. § 1681, et seq. – All Defendants)

136.     Plaintiff incorporates her previous allegations as if fully rewritten herein.

137.     Plaintiff was sexually assaulted and sexually harassed by Walker during the 2015-2016 and 2016-2017 school years as set forth herein.

138.     Upon information and belief, prior to the parental report in the Fall of 2016 Duke Ellington and Hollis knew that Walker had been grooming female students for sexual assault and had been spending a significant amount of time alone with female students on school property.

139.     Upon information and belief, in the Fall of 2016 a parent reported to Hollis that Walker had been sexually harassing Plaintiff.

140.     Upon information and belief, after the parental report in the Fall of 2016 Duke Ellington and Hollis had actual knowledge that Walker was sexually harassing Plaintiff.

141.     Upon information and belief Hollis informed Logan and de Vargas of the parental report.

142.    Upon information and belief, Hollis, Logan and de Vargas are all appropriate persons under Title IX, as they had the authority to institute corrective measures.

143.    Upon information and belief, Duke Ellington made a deliberate choice to not investigate Walker's sexual harassment of Plaintiff.

144.    Upon information and belief, Duke Ellington decided to forego an investigation into Walker's sexual harassment of Plaintiff due to the fact that it would unveil facts that would harm the school's reputation, jeopardize their contract with the District of Columbia and subject them to legal liability.

145.    Duke Ellington took no remedial or corrective action against Walker after they had actual notice of his sexual harassment of Plaintiff.

146.    Duke Ellington and Hollis were deliberately indifferent to known sexual harassment of Plaintiff as set forth herein.

147.    Duke Ellington and Hollis failed to take appropriate corrective or remedial action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways:

  a.  Failing to reassign Plaintiff to a different class;

  b.  Failing to provide Plaintiff with mental health counseling resources or referrals;

  c.  Failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities;

  d.  Failing to cure or even attempt to cure obvious and known risks to minor female students at Duke Ellington placed under Walker's supervision and authority;

  e.  Failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that

occurred between any student and adult, whether generally or specifically in relation to Walker; and

   f.   Allowing Walker to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time.

148.   Plaintiff continued to be sexually harassed by Walker through his attempts to coerce and manipulate Plaintiff, romantic communications, long hugs around the waist, special treatment of Plaintiff and calling Plaintiff a bitch at the White House Christmas party.

149.   Plaintiff was vulnerable to further sexual harassment and sexual assault by Walker after Duke Ellington and Hollis had actual notice.

150.   Walker's sexual harassment of Plaintiff negatively affected the terms and conditions of her education at Duke Ellington.

151.   Plaintiff's grades declined as a result of the hostile environment at Duke Ellington that she had to endure as a result of Walker's sexual harassment.

152.   Plaintiff between 2015-2017 was subjected to discrimination in her education at Duke Ellington based on her gender in that she suffered teacher-on-student sexual harassment, sexual grooming, sexual abuse, and inappropriate contact as a condition of her receipt of an education at Duke Ellington.

153.   The deliberate indifference, actions and omissions described above caused Plaintiff to suffer criminal sexual harassment and abuse by Walker.

154.   Duke Ellington and Hollis failed to comply with Title IX in that despite prior allegations of misconduct they continued to allow Walker unsupervised access to minor female

students and access to certain rooms and areas where Walker had the privacy to carry out the sexual abuse of minor female students, including Plaintiff.

155.    As a direct and proximate result of the conduct of Duke Ellington and Hollis as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

**WHEREFORE**, Plaintiff, Jane Doe, sues the Defendants for damages in the amount of two million dollars ($2,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs, attorney's fees and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT II

### (42 U.S.C. § 1983 – Hollis)

156.    Plaintiff incorporates her previous allegations as if fully rewritten herein.

157.    Duke Ellington exists as a public school that obtains the majority of its funding from the District of Columbia through contracts with DCPS that govern its management and administration.

158.    At all times relevant herein Hollis, as a Dean of Students for a secondary school within the District of Columbia Public School network, pursuant to a single source contract with the District of Columbia, was a state actor who was acting under color of state law.

159.    At all times relevant herein Walker, as a teacher for a secondary school within the District of Columbia Public School network, pursuant to a single source contract with the District of Columbia, was a state actor who was under color of state law.

160.    At all times relevant herein Plaintiff had a Fifth Amendment right to equal protection and bodily integrity.

161.    Upon information and belief, at all times relevant herein Hollis had supervisory authority over Walker.

162.    Hollis knew, or at minimum should have known, that Walker was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff.

163.    During Plaintiff's abuse by Walker, Hollis knew or reasonably should have known based on the allegations she had received that Walker exhibited dangerous propensities and was a threat of harm to students, including Plaintiff.

164.    Upon information and belief, Hollis was uniquely aware of Walker's propensity to commit acts of sexual harassment, sexual grooming, sexual abuse or misconduct against Plaintiff. Therefore, Walker's continued misconduct – and the harm that was likely to result from that misconduct – was foreseeable.

165.    Upon information and belief, Hollis was uniquely aware that Walker had used Duke Ellington's property to perpetuate acts of sexual harassment, sexual grooming, sexual abuse and/or misconduct against students to which Walker had access by and through his employment with the school.

166.    Hollis's response to Walker's conduct was so inadequate as to show deliberate indifference to, or tacit authorization of, Walker's offensive practices towards Plaintiff.

167.    Hollis turned a blind eye to allegations of sexual harassment, sexual grooming, sexual abuse, and misconduct, ignored complaints, failed to respond to allegations of misconduct in accordance with the law, Title IX, and DCPS policy, and acted with deliberate indifference to the rights of minor female students, including Plaintiff.

168.    There is an affirmative causal link between Hollis's inaction and the constitutional injury by Plaintiff.

169.    Plaintiff was deprived of her constitutional liberty and equal protection interests under the Fourteenth Amendment by Hollis's failure to restrict, reduce, or report Walker's actions that fostered a hostile educational climate where minor female students, including Plaintiff, were left vulnerable and subject to sexual abuse, sexual grooming and sexual harassment by Walker, an agent, servant and/or employee of Duke Ellington through the contracts with DCPS.

170.    Hollis is therefore liable for Walker's violation of Plaintiff's Fifth Amendment right to substantive due process and equal protection under a theory of supervisory liability pursuant to 42 U.S.C. § 1983.

171.    The conduct of Hollis was arbitrary and offensive, shocking the conscience and interfering with female student's rights and liberties granted by the Constitution and protected by law, including the Plaintiff's.

172.    As a direct an proximate result of the conduct of Hollis as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

173. The conduct of Hollis constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

174. Justice and the public good require an award of punitive or exemplary damages in an amount that will serve to punish Hollis and to deter similar conduct by others.

**WHEREFORE**, Plaintiff, Jane Doe, sues Defendant Hollis for damages in the amount of two million dollars ($2,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs, attorney's fees and interest, and demands trial by jury of all issues so triable as of right by jury.

## <u>COUNT III</u>

(Negligent Hiring, Training, Supervision and Retention –Duke Ellington)

175. Plaintiff incorporates her previous allegations as if fully rewritten herein.

176. At all times material, Duke Ellington owed a duty to the public and specifically to Plaintiff to employ qualified and competent teachers to work within its schools. This duty is even greater in the context of a public school where parents have a trust and faith in the leaders, a reliance on those who are chosen to lead, and the school acts *in loco parentis*.

177. At all times material, Duke Ellington owed a duty to the public and specifically Plaintiff to supervise its employees, servants, and/or agents with access to its minor female students, including Plaintiff.

178. At all times material, Duke Ellington owed a duty to properly and effectively supervise its faculty and staff, including Walker.

179.     At all times material, Duke Ellington owed a duty to the public and Plaintiff to make an appropriate investigation of its employees, servants and/or agents who were in or would be placed in a position to come in contact with minor female students of Duke Ellington.

180.     At all times material, Duke Ellington owed a duty to Plaintiff, to terminate any and all employees, servants and/or agents that it knew or should have known had engaged or sought to engage in inappropriate communication and/or unlawful sexual activities with its minor female students.

181.     At all times material, Duke Ellington owed a duty to the public and Plaintiff to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with a minor female student is ongoing or is potentially sought and report it accordingly.

182.     Duke Ellington knew, or in the exercise of reasonable care should have known, that by allowing Walker to have unfettered access to female students, privacy in his classroom, and no supervision, female students at Duke Ellington were at grave risk for sexual abuse.

183.     At all times material, Duke Ellington recklessly disregarded the foreseeable consequences of their actions when they breached their duty to Plaintiff in the following ways:

    a.  Failing to hire competent and qualified employees, servants and/or agents without proclivities to engage in sexual battery against its minor female students;

    b.  Failing to hire competent and qualified employees, servants and/or agents with knowledge and training needed to accurately identify sexual predators like Walker and act accordingly;

    c.  Failing to investigate the fitness for employment of Walker;

d.  Failing to train its employees, servants and/or agents to identify and report when a member of the Duke Ellington staff is engaging in unlawful sexual behavior with its minor female students;

e.  Failing to supervise Walker in a proper manner to prevent the sexual battery against its minor female student including Plaintiff;

f.  Failing to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with another employees, servants and/or agent and a minor female student is ongoing and report it accordingly;

g.  Failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of Walker against Plaintiff and others but did nothing to stop or report it;

h.  Failing to terminate and/or provide remedial measures to ensure the safety of students once Duke Ellington knew or should have known of Walker's propensities for inappropriate contact with female students;

i.  Failing to properly investigate and reasonably warn students once Walker's propensities were made abundantly clear when he was accused of having a sexual relationship with Plaintiff;

j.  Failing to procure or develop policies and procedures to prohibit sexual relationships between agents or employees and minor female students.

184.    Duke Ellington's action and inaction describe herein is an extreme deviation from the ordinary standard of care to be exercised by an educational institution responsible for the safety and welfare of its students.

185.     As a direct and proximate result of Duke Ellington's negligence, Walker committed sexual battery on Plaintiff, causing her serious and permanent injuries.

186.     As a direct and proximate result of the negligence of Duke Ellington, Plaintiff was sexually battered, raped, traumatized, and caused to suffer mental pain and suffering, psychological injuries, and the loss of the capacity for the enjoyment of life.

187.     As further direct and proximate cause of the negligence of Duke Ellington, Plaintiff has incurred in the past medical and psychological expenses for the treatment of her injuries and will incur such expenses in the future.

188.     As a further direct and proximate cause of the negligence of Duke Ellington, it is expected that the Plaintiff will also incur lost future earning capacity as a result of these acts. All of said damages are permanent and continuing in nature.

189.     Duke Ellington's actions set forth herein were in bad faith and resulted in exposing Plaintiff and other female students to danger, tortious conduct, sexual harassment, sexual assault and severe emotional distress.

190.     Duke Ellington's action and inaction described herein wantonly, willfully and recklessly disregarded the rights and safety of Plaintiff and other female students.

**WHEREFORE**, Plaintiff, Jane Doe, sues Defendant Duke Ellington for damages in the amount of two million dollars ($2,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs, attorney's fees and interest, and demands trial by jury of all issues so triable as of right by jury.

<u>**COUNT IV**</u>

(Negligence – Against Duke Ellington)

191.     Plaintiff incorporates her previous allegations as if fully rewritten herein.

192.    At all times material, Duke Ellington, were required to comply with Anti-Sexual Abuse Act of 1994 (D.C. Law 10-257; D.C. Official Code § 22-3030.51(4)).

193.    At all times material, Duke Ellington, was required to comply with Title IX and ensure that no student was discriminated against on the basis of gender and that all received an equal educational opportunity under law.

194.    At all times material, Duke Ellington owed a duty to the public and specifically to Plaintiff to employ qualified and competent teachers to work within its schools.

195.    At all times material, Duke Ellington owed a duty to the public and specifically to Plaintiff to properly supervise and monitor its teachers and their access and interactions with students.

196.    At all times material, Duke Ellington owed a duty to the public and Plaintiff to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with a minor female student is ongoing or is potentially sought and report it accordingly.

197.    At all times material, Duke Ellington breached its duty to Plaintiff when it recklessly disregarded the foreseeable consequences of their actions in the following ways:

a.    Failing to hire competent and qualified employees, servants and/or agents without proclivities to engage in sexual battery against its minor female students;

b.    Failing to hire competent and qualified employees, servants and/or agents with knowledge and training needed to accurately identify sexual predators like Walker and act accordingly;

c.    Failing to investigate the fitness for employment of Walker;

d.      Failing to train its employees, servants and/or agents to identify and report when a member of the Duke Ellington staff is engaging in unlawful sexual behavior with its minor female students;

e.      Failing to supervise Walker in a proper manner to prevent the sexual battery against its minor female student including Plaintiff;

f.      Failing to train its employees, servants and/or agents to identify when an inappropriate sexual relationship with another employees, servants and/or agent and a minor female student is ongoing and report it accordingly;

g.      Failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of Walker against Plaintiff and others but did nothing to stop or report it;

h.      Failing to terminate and/or provide remedial measures to ensure the safety of students once Duke Ellington knew or should have known of Walker's propensities for inappropriate contact with female students;

i.      Failing to properly investigate and reasonably warn students once Walker's propensities were made abundantly clear when he was accused of having a sexual relationship with Plaintiff;

j.      Failing to procure or develop policies and procedures to prohibit sexual relationships between agents or employees and minor female students.

198.    Duke Ellington's action and inaction describe herein is an extreme deviation from the ordinary standard of care to be exercised by an educational institution responsible for the safety and welfare of its students.

199.   It was foreseeable to Duke Ellington that Walker's conduct would cause Plaintiff harm. Duke Ellington continued to place Plaintiff in Walker's classes; therefore, causing more harm in direct violation of Title IX.

200.   As a direct, foreseeable and proximate result of the negligence of Duke Ellington, Plaintiff sustained serious injuries, suffered emotional harm and torment and the loss of the capacity for the enjoyment of life, and continues to receive psychological treatment.

201.   Duke Ellington's actions set forth herein were in bad faith and resulted in exposing Plaintiff and other female students to danger, tortious conduct, sexual harassment, sexual assault and severe emotional distress.

202.   Duke Ellington's action and inaction described herein wantonly, willfully and recklessly disregarded the rights and safety of Plaintiff and other female students.

**WHEREFORE**, the Plaintiff Jane Doe sues Defendant Duke Ellington for damages in the amount of two million dollars ($2,000,000.00) plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs, attorney's fees and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT V

### (Civil Assault and Battery – Walker)

203.   Plaintiff incorporates her previous allegations as if fully rewritten herein.

204.   Walker, without privilege to do so, committed an assault and a battery upon Plaintiff as described above when he forcefully penetrated the Plaintiff's vagina with his penis after Plaintiff told him that she did not want to have sexual intercourse with him.

205.   As a direct and proximate result of Walker's assault and battery, Plaintiff has suffered the damages outlined above.

206.     Walker's actions set forth herein were conducted with evil motive, actual malice, deliberate violence and/or oppression, and/or with the intent to injure and/or in willful disregard for the rights of Plaintiff.

207.     Walker's conduct as set forth herein was extreme, outrageous and shocks the conscience.

**WHEREFORE**, Plaintiff, Jane Doe, sues Defendant Walker for damages in the amount of two million dollars ($2,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs, attorney's fees and interest, and demands trial by jury of all issues so triable as of right by jury.

<u>**COUNT VI**</u>

(Gross Negligence – Donna Hollis)

208.     Plaintiff incorporates her previous allegations as if fully rewritten herein.

209.     The ordinary standard of care for educators such as Hollis is to report any suspicion of child abuse or neglect to either Metropolitan Police Department or Child and Family Services as mandated by DC Code. D.C. Doe Ann. § 4-1321.02.

210.     Further, DC has statutory requirements for all education professionals to safeguard the students and protect them from any form of sexual harm. *See* Anti-Sexual Abuse Act of 1994 (D.C. Law 10-257; D.C. Official Code § 22-3030.51(4)).

211.     At all times material, Hollis, was required to comply with Title IX and ensure that no student was discriminated against on the basis of gender and that all received an equal educational opportunity under law.

212.     Hollis deviated from that standard of care by failing to report the suspicion of sexual abuse of Plaintiff by Walker to either of the mandated agencies in direct violation of Title IX.

213.    Hollis knowingly and intentionally forced the Plaintiff to attend classes taught by Walker after she knew or had reason to believe that Walker was alleged to have committed and continued to commit sexual abuse of a minor Plaintiff.

214.    Hollis knowing that minor Plaintiff was incapable of defending herself or having the knowledge to get assistance had possibly been or was possibly being abused and her failure to report as mandated was wanton, willful and reckless disregard of rights and safety of Plaintiff.

215.    As a direct and proximate result of Hollis's wanton or reckless conduct, Plaintiff has suffered the damages outlined above.

**WHEREFORE**, Plaintiff, Jane Doe, sues Defendant Hollis for damages in the amount of two million dollars ($2,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs, attorney's fees and interest, and demands trial by jury of all issues so triable as of right by jury.

## COUNT VII

### (42 U.S.C. § 1983 – Walker)

216.    Plaintiff incorporates her previous allegations as if fully rewritten herein.

217.    Duke Ellington exists as a public school that has a majority of its funding from the District of Columbia through contracts with DCPS that govern its management and administration.

218.    At all times relevant herein Walker, as a teacher for a secondary school within the District of Columbia Public School network, pursuant to a single source contract with the District of Columbia, was a state actor who was under color of state law.

219.    At all times relevant herein Plaintiff had a Fifth Amendment right to equal protection and bodily integrity.

220.    Plaintiff's Fifth Amendment right to substantive due process and bodily integrity was violated by Walker when he sexually assaulted Plaintiff as set forth herein.

221.    Plaintiff's Fifth Amendment right to equal protection was violated by Walker when he sexually harassed Plaintiff as set forth herein.

222.    Walker's sexual harassment of Plaintiff was sufficiently severe and pervasive as to interfere unreasonably with her educational activities.

223.    Walker's actions set forth herein were conducted with evil motive, actual malice, deliberate violence and/or oppression, and/or with the intent to injure and/or in willful disregard for the rights of Plaintiff.

224.    Walker's conduct as set forth herein was extreme, outrageous and shocks the conscience.

**WHEREFORE**, Plaintiff, Jane Doe, sues Defendant Walker for damages in the amount of two million dollars ($2,000,000.00) plus punitive damages, pre-judgment and post-judgment interest to the extent allowed by law, plus costs, attorney's fees and interest, and demands trial by jury of all issues so triable as of right by jury.

## <u>VERIFICATION</u>

I, JANE DOE, hereby verify under penalty of perjury that the information contained in this Second Amended Complaint is true and accurate to the best of my knowledge and belief.

Executed on _____11/08/2021_____

_____*Jane Doe*_____
JANE DOE

Jane Doe
By Counsel

Respectfully Submitted,

*/s/ Billy L. Ponds*
Billy L. Ponds
Counsel for the Plaintiff
The Ponds Law Firm
Bar Number 379883
1025 Connecticut Ave, N.W.
Suite 1000
Washington, D.C. 20036
(202) 333-2922
billy.ponds@pondslawfirm.com

## **JURY DEMAND**

Plaintiff demands trial by a jury on all issues so triable.

*/s/ Billy L. Ponds*
Billy L. Ponds

# **EXHIBIT A**

# **DOCUMENTS FROM MARK WALKER'S CRIMINAL CASE**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

**COMPLAINT**

| | |
|---|---|
| DCTN: | |
| Lockup No: | |
| Case No: | |

District of Columbia ss:

Defendant's Name:  Mark Walker                                          2O103970

  (First)          (MI)      (Last)              (PDID)        (CCNO)

Also Known As: _____

  (First)        (Middle)        (Last)

  Address: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Between on or about May 1, 2015, and on or about August 30, 2015, within the District of Columbia, Mark Walker, being more than four years older than S. C., a child under sixteen years of age, that is, 15 years of age, and being in a significant relationship with S. C., engaged in a sexual act with that child and caused that child to engage in a sexual act, that is penetration of S. C.'s vulva by Mark Walker's penis. **(First Degree Child Sexual Abuse, in violation of 22 D.C. Code, Section 3008**, with Aggravating Circumstances, in violation of 22 D.C. Code Section 3020(a)(2) (2001 ed.)

Co-Defendants:

_____  TILLEY, KIEL D21701

  Affiant's Name

Subscribed and sworn to before me this ___23___ day of ___March, 2021___

  _____
  (Judge)  (Deputy Clerk)

**WARRANT**

*To The United States Marshal or any other authorized federal officer or the Chief of Police of the District of Columbia:*
  WHEREAS the foregoing complaint and affidavit supporting the allegations thereof have been submitted, and there appearing probable cause and reasonable grounds for the issuance of an arrest warrant for                                          *Mark Walker*
**YOU ARE THEREFORE COMMANDED TO BRING THE DEFENDANT BEFORE SAID COURT OR OTHER PERSON ENUMERATED IN 18 U.S.C. 3041** forthwith to answer said charge.

Issued  __March 23, 2021__                _____
                        Judge, Superior Court of the District of Columbia

Title 16: ☐          Rule 105: ☐  Judge: _____

| | | | |
|---|---|---|---|
| Sex: Male | DOB: ▮▮▮▮▮ | CCN: 20103970 | PDID: |
| Papering Officer: Kiel Tilley | | Badge No.:  D21701 | |

**OFFICER MUST EXECUTE RETURN**

| | | | |
|---|---|---|---|
| Officer's Name: | | Date / Time: March 23, 2021 | |
| AUSA Signature: | | Fel. I ☐   AFTC ☐   Fel. II ☐ | |

ncic approved/3/23/21

# Superior Court of the District of Columbia

## CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT   USW NO:

| DEFENDANT NAME: Mark Walker | | NICKNAME: | ALIASES: | CCN: 20-103970 | | PDID : |
|---|---|---|---|---|---|---|
| SEX: M | RACE: AA | DOB: | HGT: | WGT: | EYES: Brown | COMP: Medium | SCARS, MARKS, TATTOOS: |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME: S.C. | TELEPHONE NUMBER: On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE May 2015 | TIME OF OFFENSE PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
|---|---|---|---|
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

On June 22, 2020, an investigator within DC Public Schools (DCPS) Comprehensive Alternative Resolution and Equity (CARE) team filed a report with the DC Child and Family Services Agency that Witness-1 had filed a complaint against a former teacher. The former teacher was identified as Mark Walker, who taught at Witness-1's school. The complaint alleged that Witness-1 had been "groomed" by Mark Walker during their time in the school. The grooming behavior resulted in Witness-1 engaging in a sexual act with Mark Walker.

In the initial complaint to the CARE team, Witness-1 reported that Mark Walker bought them gifts, meals and a special crystal for their birthday. A personal relationship ensued between the student and Mark Walker, which included visits by Witness-1 to the home of Mark Walker. On the third visit, Witness-1 reported engaging in sexual intercourse with Mark Walker, who told Witness-1 that they should not be engaging in such behavior due to the age of Witness-1. Witness-1 reported that they only engaged in sexual activity Mark Walker on the third visit, the other occasions only involved "hanging out and cuddling."

Witness-1 reported the level of attention shown by Mark Walker was unique and not shown to all students by Mark Walker. Witness-1 identified two other students with whom Mark Walker had close, personal relationships with: the complainant and Witness-5.

Your affiant, Detective Kiel Tilley, conducted an interview with Witness-1 in reference to the complaint filed with the CARE team.

Witness-1 identified Mark Walker as the teacher in the complaint and that he was originally the photography teacher, although his roles changed while Witness-1 was a student. Witness-1 described Mark Walker as different from other staff with regard to his vocabulary (using language more age appropriate for students) and due to the amount of personal information he would share with students. Witness-1 reported Mark Walker sought to gain the trust of the

---

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:   Mark Walker

Charge With: First Degree Child Sexual Abuse with Aggravating Circumstances

_Lindsay Suranksy_   3/23/21 ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20_____

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

# Superior Court of the District of Columbia

## CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT        USW NO:

| DEFENDANT NAME:<br>Mark Walker | | NICKNAME: | ALIASES: | CCN:<br>20-103970 | | PDID : |
|---|---|---|---|---|---|---|
| SEX:<br>M | RACE:<br>AA | DOB: ▉ | HGT: | WGT: | EYES:<br>Brown | COMP:<br>Medium | SCARS, MARKS, TATTOOS: |

| DEFENDANT'S ADDRESS: ▉ | HOME PHONE NUMBER: ▉ |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME:<br>S.C. | TELEPHONE NUMBER:<br>On file | |
|---|---|---|
| LOCATION OF OFFENSE: ▉ | DATE OF OFFENSE<br>May 2015 | TIME OF OFFENSE<br>PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| __00 = Armed and Dangerous | __25 = Escape Risk | __55 = Alcoholic | __20 = Known to abuse drugs |
| __05 = Violent Tendencies | __30 = Sexually Violent Predator | __60 = Allergies | __80 = Medication Required |
| __10 = Martial Arts Expert | __50 = Heart Condition | __65 = Epilepsy | __90 = Diabetic |
| __15 = Explosive Expertise | __85 = Hemophiliac | __70 = Suicidal | __01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

students and bought gifts for a small number of selected students. Witness-1 reported that Mark Walker bought general items for the class, but bought very specific items for others. Witness-1 stated the general gifts were intended to distract from the personal gifts provided for certain students. Mark Walker would buy food, drinks and candy for two female students based on their preference but would then buy general community food for the rest of class.

Witness-1 reported that Mark Walker would give them money for food and lunch, as well as birthday presents and rock specimens for their birthday. Witness-1 stated this was due to their interest in geology. Witness-1 reported that while Mark Walker was still their teacher, he would speak of plans post-graduation often to include visits to his house and museums. After Witness-1 graduated, they reported visiting Mark Walker's house and spending time as friends as opposed to a normal teacher-student relationship. Witness-1 reported Mark Walker's house as being located near Turkey Thicket Recreation Center and the Brookland Metro Station. These visits included conversation, drinking and smoking THC cartridges from Mark Walker's vape.

Witness-1 reported this relationship resulted in sexual intercourse on one occasion with Mark Walker after Witness-1 had graduated; Witness-1 was 17 years of age at that time. Witness-1 reported that Mark Walker spoke of their age during the act and acknowledging Witness-1's status of a former student, but the sexual act occurred. The complainant stated that they were enthusiastic during the act as Witness-1 "really idolized" Mark Walker and sought his affection, but regretted the act after its completion. Witness-1 described the act as Mark Walker "inserting his penis into me."

Witness-1 reported that no sexual acts occurred while Witness-1 was a student, but identified two other students who had similar relationships with Mark Walker. Witness-1 identified Witness-5 as a student that Mark Walker bought numerous gifts for, and reported that Mark Walker discussed his relationship with Witness-5 with Witness-1. Witness-1 believed that Mark Walker also visited Witness-5 after graduation at their college.

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:
                                    Mark Walker

Charge With:_____ First Degree Child Sexual Abuse with Aggravating Circumstances

_Lindsay Suttenberg_
                        3/23/21 ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20_____

_____
(JUDGE) DEPTUY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia
### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME:<br>Mark Walker | | NICKNAME: | ALIASES: | | CCN:<br>20-103970 | PDID: |
|---|---|---|---|---|---|---|
| SEX:<br>M | RACE:<br>AA | DOB: | HGT: | WGT: | EYES:<br>Brown | COMP:<br>Medium | SCARS, MARKS, TATTOOS: | |

| DEFENDANT'S ADDRESS: | HOME PHONE NUMBER: |
|---|---|
| DEFENDANT'S BUSINESS ADDRESS: | CELLULAR PHONE NUMBER: |

| COMPLAINANT'S NAME:<br>S.C. | TELEPHONE NUMBER:<br>On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE<br>May 2015 | TIME OF OFFENSE<br>PM Hours |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
|---|---|---|---|
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

Witness-1 also identified the complainant, who directly disclosed a romantic relationship with Mark Walker to Witness-1. The complainant disclosed to Witness-1 that during their sophomore year the complainant developed a romantic relationship with Mark Walker, who fell in love with the complainant. The complainant disclosed going to Mark Walker's house where they would engage in oral sex, but Mark Walker allegedly did not wish to engage in other acts because of their status as a student. Witness-1 believes these events took place in either 2014 or 2015. The complainant disclosed this in a classroom setting during their senior year, possibly 2016. The complainant began by speaking with a small group of friends but addressed the whole class as the complainant noticed their attention. The complainant stated she wanted to address the rumors about Mark Walker and to confirm them. The complainant stated that Mark Walker would "definitely always love me" and they stopped talking because the complainant's family would not understand.

Your affiant was able to contact the complainant via telephone in reference to the allegations, who agreed to speak about her time at the school attended by Witness-1 and the complainant. The complainant confirmed that she attended Witness-1's school from 2013-2017. Your affiant explained the scope of the investigation and the complainant stated that they understood why they contact was made. The complainant reported that during high school a person took advantage of the complainant, that person was a visual arts teacher. The complainant reported that at the time, she was 14 years old and the teacher was 33 years old. The complainant identified the teacher as Mark Walker.

The complainant reported that Mark Walker began sending the complainant letters and began taking her home from school. Mark Walker also began inviting the complainant over to his home, and on one occasion attempting to have sexual intercourse with the complainant. The complainant reported that she was a virgin at that time. This incident occurred over the summer at his home, in his bedroom. Mark Walker attempted to penetrate the complainant, which frightened the complainant and made the complainant cry. This occurred while the complainant was a student in the summer of 2015 or 2016.

**AFFIANT'S SIGNATURE:**

X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20_____

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:
                    Mark Walker

Charge With:   First Degree Child Sexual Abuse with Aggravating Circumstances

_____ 3/23/21 ncic approved
ASSISTANT UNITED STATES ATTORNEY

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

### CRIMINAL DIVISION

**AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT**        USW NO:

| DEFENDANT NAME: Mark Walker | | | NICKNAME: | ALIASES: | | CCN: 20-103970 | | PDID: |
|---|---|---|---|---|---|---|---|---|
| SEX: M | RACE: AA | DOB: ▉ | HGT: | WGT: | EYES: Brown | COMP: Medium | SCARS, MARKS, TATTOOS: | |
| DEFENDANT'S ADDRESS: ▉ | | | | | | HOME PHONE NUMBER: ▉ | | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | CELLULAR PHONE NUMBER: | | |
| COMPLAINANT'S NAME: S.C. | | | | | | TELEPHONE NUMBER: On file | | |
| LOCATION OF OFFENSE: ▉ | | | | | | DATE OF OFFENSE May 2015 | TIME OF OFFENSE PM Hours | |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.
___ 00 = Armed and Dangerous   ___ 25 = Escape Risk   ___ 55 = Alcoholic   ___ 20 = Known to abuse drugs
___ 05 = Violent Tendencies   ___ 30 = Sexually Violent Predator   ___ 60 = Allergies   ___ 80 = Medication Required
___ 10 = Martial Arts Expert   ___ 50 = Heart Condition   ___ 65 = Epilepsy   ___ 90 = Diabetic
___ 15 = Explosive Expertise   ___ 85 = Hemophiliac   ___ 70 = Suicidal   ___ 01 = Other – Mental Health Conditions
**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

The complainant began demonstrating an emotional response to the interview, audibly crying. Your affiant then offered to conduct the interview in person and the complainant agreed. Your affiant met the complainant in person on a later date.

The complainant reported the relationship with Mark Walker began in 2015 while attending an afterschool program coordinated by Mark Walker. Students would watch movies and do coursework; Mark Walker also would drive a group of students home after the program each night- dropping the complainant off last of the group. On one such occasion, in May of 2015, before the complainant turned 16, Mark Walker kissed the complainant.

The complainant reported that this kiss occurred in Mark Walker's vehicle near the complainant's home. The complainant disclosed telling Mark Walker the complainant had never been kissed before and he replied that he would show her. The complainant described the kiss as "on the mouth with tongue," inside of his red sport utility vehicle. Mark Walker then drove the complainant home.

Mark Walker began buying the complainant random items at school, prompting classmates to notice. Mark Walker would also touch the complainant's knee under the table during classes and would routinely meet individually with her to discuss their relationship under the guise of instruction. This relationship, which the complainant described as "romantic," continued for a year.

The complainant reported t        summer she visited Mark Walker's home on multiple occasions, describing its location in Northeast DC, near Turkey Thicket Recreation Center (of note- Mark Walker's registered DMV address is 0.1 miles from Turkey Thicket Recreation Center). These visits included movies and food, which Mark Walker would buy for the complainant. Mark Walker would routinely walk her home from school and they would frequent parks along the

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:        Mark Walker
_____
Charge With:   First Degree Child Sexual Abuse with Aggravating Circumstances

_Lindsey Suttenberg_        3/23/21 ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20_____

_____
(JUDGE) DEPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

# Superior Court of the District of Columbia

## CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME:<br>Mark Walker | NICKNAME: | ALIASES: | CCN:<br>20-103970 | PDID: |
|---|---|---|---|---|
| SEX: RACE: DOB:<br>M     AA | HGT: WGT: | FYFS: COMP:<br>Brown Medium | SCARS, MARKS, TATTOOS: | |
| DEFENDANT'S ADDRESS: | | | HOME PHONE NUMBER: | |
| DEFENDANT'S BUSINESS ADDRESS: | | | CELLULAR PHONE NUMBER: | |

| COMPLAINANT'S NAME:<br>S.C. | TELEPHONE NUMBER:<br>On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE       TIME OF OFFENSE<br>May 2015                      PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
|---|---|---|---|
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other - Mental Health  Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

way.  The complainant's school in 2015 was located in a different location than its current location, allowing the complainant to walk home.

The complainant described one specific day she spent with Mark Walker.  On this day, they were discussing their relationship status as Mark Walker indicated his wishes to marry and meet her family.   Mark Walker discussed how their relationship would look when she turned 18 because he did not want people to know how it began, wanting to be discreet.  The complainant then told him that she was a virgin, and she did not want to have intercourse with him.  The complainant told Mark Walker that she did not want to give him her virginity due to his age, position as her teacher, and how she felt it would affect her mentally.  Mark Walker questioned her resistance to having intercourse but acknowledged her concerns.

On the same day, they returned to the home of Mark Walker.  Late into the night, they were laying on a futon and were kissing each other.  The complainant reported that he "forced himself" upon her by penetrating her vagina with his penis.  This occurred inside of Mark Walker's bedroom.  The complainant reported that she had recently told Mark Walker she did not want to engage in vaginal intercourse, as she was a virgin.  The complainant stated she was wearing a "blue t-shirt dress" that Mark Walker removed, as well as his own clothing.  Mark Walker was touching her breasts, vagina, her lips, and neck.  The complainant reported they were both nude at this time, with Mark Walker wearing boxer shorts.

The complainant reported she was "following his lead" during this incident as she was unsure what to do in this situation.  The complainant reported that Mark Walker digitally penetrated her and then penetrated her vagina with his penis.  The complainant reported that Mark Walker had penetrated her for approximately 10 seconds, felt pain, then pushed Mark Walker off of her.  The complainant instantly began crying and described experiencing a "wave of emotions." The complainant questioned why he would penetrate her despite explicitly telling him she did not want that

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:
                                    Mark Walker

Charge With: <u>First Degree Child Sexual Abuse with Aggravating Circumstances</u>

_Lindsay Suttenberg_

_____  3/23/21 ncic approved
ASSISTANT UNITED STATES ATTORNEY

**AFFIANT'S SIGNATURE:**
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20____

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

# Superior Court of the District of Columbia

## CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME:<br>Mark Walker | | | NICKNAME: | ALIASES: | | CCN:<br>20-103970 | PDID: |
|---|---|---|---|---|---|---|---|
| SEX:<br>M | RACE:<br>AA | DOB: | HGT: | WGT: | EYES:<br>Brown | COMP:<br>Medium | SCARS, MARKS, TATTOOS: |
| DEFENDANT'S ADDRESS: | | | | | | HOME PHONE NUMBER: | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | CELLULAR PHONE NUMBER: | |
| COMPLAINANT'S NAME:<br>S.C. | | | | | | TELEPHONE NUMBER:<br>On file | |
| LOCATION OF OFFENSE: | | | | | | DATE OF OFFENSE<br>May 2015 | TIME OF OFFENSE<br>PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| | | |
|---|---|---|
| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

to happen. Mark Walker then held her to attempt to console her, and they both then took a shower together. Mark Walker apologized and took the complainant home after the shower.

The complainant reported this incident, and all the home visits, occurred in the summer of 2015; the complainant would have been 15-years-old at this time. The complainant disclosed further that on the first visit to Mark Walker's home, he performed oral sex by licking her vagina with his mouth.

The complainant disclosed that she engaged in numerous romantic encounters with Mark Walker ranging from kissing, to "feeling her up" in his car and oral sex. Due to the high number of events, the complainant had trouble differentiating between events. The complainant reported that on one occasion, while Mark Walker performed oral sex on the complainant, she reciprocated and performed oral sex on Mark Walker in his bedroom.

Mark Walker routinely told the complainant to avoid documenting any evidence of their relationship in writing. Mark Walker told the complainant that she was the youngest girl he had talked to but began talking to a classmate soon after their relationship ended. The complainant believed this relationship to be romantic and similar to her own and identified the classmate as Witness-5. The complainant also reported hearing of rumors that other students who were involved with Mark Walker after she graduated, but those rumors could not be substantiated.

The complainant identified Witness-2 and Witness-3 as close friends in which she confided about her romantic relationship with Mark Walker. The complainant stated she confided in them while the relationship was active.

At the conclusion of the interview, the complainant was presented with a single color photograph of Mark Walker, with a date of birth of 7-24-1981. The complainant identified Mark Walker and stated she has known him for 6 years. Hereinafter, Mark Walker shall be referred to as Defendant Walker.

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:
          Mark Walker

Charge With: ___First Degree Child Sexual Abuse with Aggravating Circumstances___

_Lindsay Suissburg_          3/23/21 ncic approved
ASSISTANT UNITED STATES ATTORNEY

**AFFIANT'S SIGNATURE:**
X _____

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20____

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

# Superior Court of the District of Columbia

## CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT        USW NO:

| DEFENDANT NAME: Mark Walker | NICKNAME: | ALIASES: | CCN: 20-103970 | | PDID: |
|---|---|---|---|---|---|
| **SEX:** M  **RACE:** AA  **DOB:** ▮ | **HGT:** | **WGT:** | **EYES:** Brown | **COMP:** Medium | **SCARS, MARKS, TATTOOS:** |
| **DEFENDANT'S ADDRESS:** ▮ | | | **HOME PHONE NUMBER:** ▮ | | |
| **DEFENDANT'S BUSINESS ADDRESS:** | | | **CELLULAR PHONE NUMBER:** | | |
| **COMPLAINANT'S NAME:** S.C. | | | **TELEPHONE NUMBER:** On file | | |
| **LOCATION OF OFFENSE:** ▮ | | | **DATE OF OFFENSE** May 2015 | **TIME OF OFFENSE** PM Hours | |

**CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.**

| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
|---|---|---|---|
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

### GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:

The complainant provided personal photographs she had taken of Defendant Walker, one of which appears to show him sitting in close proximity to the phone/camera on a park bench and another appears to depict Defendant Walker in a classroom setting with the caption "love of my life." The individual in the pictures appears to be Defendant Walker.

The complainant also provided screen shots of messages between the complainant's device and "sir leo" and "Mark Walker." The complainant identified Defendant Walker as the person of which both communication threads were corresponding. Various messages from "sir leo" request photographs and speak of the complainant's features. One message states, "your eyes are amazing, I just wonder how they look after you cry." Another thread discusses Defendant Walker moving to Italy and the complainant accompanying him. Defendant Walker asks, "so you really want to be with me? You want me to wait for you?" The complainant replies "yes & yes," and Defendant Walker responded "I know, it means more now. Especially with you telling me."

The complainant also provided a hand-written letter to your affiant and identified Mark Walker as its author. The letter discusses the complainant's "beauty" and one line reads, "you exude beauty, sometimes it's overwhelming." The handwriting on the letter appears to be similar with handwriting contained in the employee files completed by Mark Walker during his employment at the complainant's school.

Your affiant had occasion to speak with Witness-2 on a later date. Witness-2 confirmed having a friendship with the complainant and attending the same school from 2013-2017.

Witness-2 reported observing the complainant getting close with a teacher, identified as Defendant Walker, who wrote the complainant letters and would buy the complainant small gifts. The complainant began to speak openly about going on "dates" with Defendant Walker as well. The complainant spoke about going to a park with Defendant Walker where they would kiss and do "other stuff." Witness-2 described one incident that the complainant disclosed about Defendant

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:    Mark Walker

Charge With:    First Degree Child Sexual Abuse with Aggravating Circumstances

_Lindsay Suttenberg_    3/23/21 ncic approved
**ASSISTANT UNITED STATES ATTORNEY**

**AFFIANT'S SIGNATURE:**
X _[signature]_

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20_____

_____
(JUDGE) DEPTUY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Superior Court of the District of Columbia

### CRIMINAL DIVISION
### AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT        USW NO:

| DEFENDANT NAME:<br>Mark Walker | | | NICKNAME: | ALIASES: | | CCN:<br>20-103970 | | PDID: |
|---|---|---|---|---|---|---|---|---|
| SEX:<br>M | RACE:<br>AA | DOB: | HGT: | WGT: | FYFS:<br>Brown | COMP:<br>Medium | SCARS, MARKS, TATTOOS: | |
| DEFENDANT'S ADDRESS: | | | | | | | HOME PHONE NUMBER: | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | | CELLULAR PHONE NUMBER: | |

| COMPLAINANT'S NAME:<br>S.C. | TELEPHONE NUMBER:<br>On file |
|---|---|
| LOCATION OF OFFENSE: | DATE OF OFFENSE<br>May 2015 |
| | TIME OF OFFENSE<br>PM Hours |

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| __ 00 = Armed and Dangerous | __ 25 = Escape Risk | __ 55 = Alcoholic | __ 20 = Known to abuse drugs |
|---|---|---|---|
| __ 05 = Violent Tendencies | __ 30 = Sexually Violent Predator | __ 60 = Allergies | __ 80 = Medication Required |
| __ 10 = Martial Arts Expert | __ 50 = Heart Condition | __ 65 = Epilepsy | __ 90 = Diabetic |
| __ 15 = Explosive Expertise | __ 85 = Hemophiliac | __ 70 = Suicidal | __ 01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

Walker lifting the complainant's shirt and touching her breasts in his vehicle. The complainant also spoke to Witness-2 about staying the night at Defendant Walker's house and describing their relationship as romantic in nature. Witness-2 believed the relationship ended in 2016 at the request of the complainant.

Witness-2 reported that after the relationship between Defendant Walker and the complainant ended, he became close with another student who was identified as Witness-5. Witness-2 reported that Defendant Walker began a romantic relationship with Witness-5, but it was unclear if their relationship began before Witness-5's graduation. Witness-5 spoke to Witness-2 of the relationship and reported that Defendant Walker did not want it to be romantic until after Witness-5 graduated. Witness-2 reported that Defendant Walker acted similarly to Witness-5 as he did to the complainant, but Witness-2 had no knowledge of any sexual encounters prior to Witness-5's graduation.

Your affiant had occasion to speak with Witness-3 on a later date. Witness-3 confirmed attending the same school as the complainant and maintaining a friendship with the complainant and others named in this investigation. Witness-3 confirmed that Defendant Walker was a teacher at the school Witness-3 had attended, but Witness-3 reported having no knowledge of a romantic relationship he may have had with any student.

Your affiant had conducted a separate investigation involving the school that employed Defendant Walker and attended by the above witnesses. Witness-4 was interviewed in reference to the separate investigation and provided information relating to Defendant Walker.

Witness-4 reported maintaining a relationship with Defendant Walker after graduating and considered him a friend and mentor. Witness-4 reported that Defendant Walker was close with students and would often take groups out for dinner and routinely had students visit his home. Witness-4 reported hearing that Defendant Walker had been sexually involved with a student before the student graduated. Witness-4 reported that Defendant Walker had used his age and

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:
Mark Walker

Charge With: First Degree Child Sexual Abuse with Aggravating Circumstances

3/23/21 ncic approved

ASSISTANT UNITED STATES ATTORNEY

**AFFIANT'S SIGNATURE:**
X

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20_____

(JUDGE) DEPTUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

# Superior Court of the District of Columbia

### CRIMINAL DIVISION
## AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT          USW NO:

| DEFENDANT NAME: Mark Walker | | | NICKNAME: | ALIASES: | | CCN: 20-103970 | | PDID: |
|---|---|---|---|---|---|---|---|---|
| SEX: M | RACE: AA | DOB: ▮▮ | HGT: | WGT: | EYES: Brown | COMP: Medium | SCARS, MARKS, TATTOOS: | |
| DEFENDANT'S ADDRESS: ▮▮▮ | | | | | | HOME PHONE NUMBER: ▮▮▮ | | |
| DEFENDANT'S BUSINESS ADDRESS: | | | | | | CELLULAR PHONE NUMBER: | | |
| COMPLAINANT'S NAME: S.C. | | | | | | TELEPHONE NUMBER: On file | | |
| LOCATION OF OFFENSE: ▮▮▮ | | | | | | DATE OF OFFENSE May 2015 | TIME OF OFFENSE PM Hours | |

CAUTION AND MEDICAL CONDITIONS (CMC) Select a valid CMC code below for wanted person when using the caution indicator.

| | | | |
|---|---|---|---|
| \_\_ 00 = Armed and Dangerous | \_\_25 = Escape Risk | \_\_55 = Alcoholic | \_\_20 = Known to abuse drugs |
| \_\_ 05 = Violent Tendencies | \_\_30 = Sexually Violent Predator | \_\_60 = Allergies | \_\_80 = Medication Required |
| \_\_ 10 = Martial Arts Expert | \_\_50 = Heart Condition | \_\_65 = Epilepsy | \_\_90 = Diabetic |
| \_\_ 15 = Explosive Expertise | \_\_85 = Hemophiliac | \_\_70 = Suicidal | \_\_01 = Other – Mental Health Conditions |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

status to manipulate the student, who was now coming to terms with the past and addressing what had transpired. Witness-4 stated that Defendant Walker had frequently driven this student home as part of their relationship.

Your affiant made contact with Witness-5 in reference to the investigation of Defendant Walker. Witness-5 affirmed attending the school where Defendant Walker was a teacher. Your affiant explained to Witness-5 that the scope of the investigation involved interactions between students and faculty during Witness-5's time at the school.   Upon learning of the scope of the investigation, Witness-5 declined to speak with law enforcement any further.

Your affiant attempted to provide Defendant Walker an opportunity to provide a statement in reference to the investigation.  Your affiant traveled to the listed residence of Defendant Walker and encountered an individual who stated they lived at the location with Defendant Walker.  The individual accepted your affiant's contact information and agreed to provide it to Defendant Walker. Defendant Walker contacted the undersigned via telephone later and stated that due to having faced accusations previously, he was unsure about providing a statement to your affiant. Defendant Walker has not yet provided a statement in reference to this investigation.

At the time of the reported offenses, the complainant was 15 years old and Defendant Walker was 35 - 36 years old. Defendant Walker's employee records indicated that he was employed at the complainant's school between 2014 and 2019, when Defendant Walker resigned.   The complainant attended the school between 2013 and 2017 and reported that Defendant Walker was her visual arts teacher at the school.

Defendant Walker was in a significant relationship with the complainant and over the age of 18 when he engaged in sexual acts with the complainant, a child per DC Code.  Your affiant believes there to be sufficient probable cause for the arrest of Defendant Walker for the appropriate charges.

AFFIANT'S SIGNATURE:
X ▮▮▮▮

**TO: WARRANT CLERK**
PLEASE ISSUE WARRANT FOR:
    Mark Walker

Charge With: First Degree Child Sexual Abuse with Aggravating Circumstances

*Lindsay Suttenberg*          3/23/21          ncic approved
ASSISTANT UNITED STATES ATTORNEY

SUBSCRIBED AND SWORN BEFORE ME THIS
_____ DAY OF _____ 20\_\_\_

_____
(JUDGE) DETPUTY CLERK)
SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CCN #20103970 – Event # 20103970 Public Incident Packet

Metropolitan Police Department

# CCN #20103970 – PUBLIC INCIDENT REPORT

| REPORT DATE / TIME | DISTRICT / PSA | EVENT START DATE / TIME - EVENT END DATE / TIME | INCIDENT STATISTICS |
|---|---|---|---|
| Jul 20, 2020 09:38 | Sixth District / 608 | May 01, 2015 00:01 – May 31, 2016 23:59 | School-Based Event, |
| RESPONDING OFFICER | | WEATHER | |
| Kiel Tilley (#9099) – MPD | | | |
| ASSISTING OFFICER (ASSIST TYPE) | | | |

| TELETYPE DATE / TIME | TELETYPE # | PERSON NOTIFIED AT TELETYPE | SHOTS FIRED | SHOTS EFFECT |
|---|---|---|---|---|
| | | | ☐ YES ☐ NO | ☐ YES ☐ NO |

## REPORTING PERSON

NAME

R-1 Kiel Tilley

## OFFENSE #1 – 20103970

OFFENSE

First Degree Child Sex Abuse (rape) (22DC3008)

| OFFENSE CASE STATUS | OFFENSE COMPLETION |
|---|---|
| Cleared By Arrest (Mar 25, 2021) | ☑ COMPLETED ☐ ATTEMPTED |

OFFENSE LOCATION

███████████████ **Type:** Residence/ Home  **Public/Private:** Private  **PSA:** 405  **District:** Fourth District

| LOCATION TYPE | POSITION (BEHIND, FRONT, INSIDE, SIDE) |
|---|---|
| Residence/ Home | Inside |
| LOCATION DESCRIPTION | |

| AGGRAVATED ASSAULT FACTORS/HOMICIDE FACTORS | OFFENSE PROPERTIES |
|---|---|
| | Child Abuse |
| HATE BIAS/MOTIVATION | |

| WEAPON/FORCE INVOLVED | |
|---|---|
| Personal Weapons (Hands / Feet), | |
| CRIMINAL ACTIVITIES | MODUS OPERANDI |

| FORCED ENTRY | # OF PREMISES | SECURITY SYSTEM | CARGO THEFT |
|---|---|---|---|
| ☐ YES ☐ NO | | | ☐ YES ☐ NO |
| NEGLIGENT MANSLAUGHTER CIRCUMSTANCE | | | BUILDING INHABITED (ARSON) |

## PROPERTY & ITEMS

## CCN #20103970 – PUBLIC NARRATIVE

The complainant disclosed engaging in sexual acts with the suspect in 2015. At the time of the offenses, the complainant was 15 years old and in a significant relationship with the suspect, who was a 34-year-old teacher at the school the complainant attended.